Our next case is Hugh, number 07-7081. We're here on an issue of law this morning. Basically our contention is that the VA has a duty to assist a veteran, even in a claim to be opened, when the veteran's medical records have been destroyed. Specifically, this involves a relatively specific situation. Where does that obligation come from? The government points out that the regulation in question wasn't retroactive, right? Well, I think that the government is correct when it says that the 3.159 does not cover veterans whose claims were filed prior to August 29, 2001. And this particular veteran's claim was filed prior to that date. However, the VCA in general, I think, applies to any veteran whose claims was pending at the time that it was enacted. And we maintain that the VCA in general, under D-103A, has provisions in it that allow for the veteran, because of the heightened duty to assist involved when the service medical records are missing, to have a duty to assist. And let me explain where this comes from. But I thought that we had rejected the paralyzed veteran's case. We rejected that position. Right. And that's actually what I wanted to get to discussing, and I'll go ahead and jump into that now. I believe that the holding in the paralyzed veteran's case is primarily based on a reading of 5103A.A.3, which essentially allows the VA to opt out of assisting a veteran in a case where reopening is required, but the reopening hasn't actually occurred yet. And our contention is that when you read that in conjunction with subsection A-1, which makes it mandatory that the secretary shall assist the veteran in making reasonable efforts in assisting him with his claim, that when you take that in context with that heightened duty to assist that comes in when the service medical records are destroyed, that that creates basically a situation where, in order for the VA to comply with that first part of subsection A-1, that they do have to go ahead and assist. But that seems like an argument that paralyzed veterans was incorrectly decided. I think it's a situation where not necessarily that the paralyzed veterans was incorrectly decided, but that it's different from this particular case. And the reason that it's different from this particular case is because we're talking about situations in which the missing medical records are particularly pertinent. I thought he didn't actually get medical care when he fell. So there wouldn't be anything to be found from the medical records, and in any event, they were lost in a fire. Am I right? I'm not sure that it's entirely true that he never received any assistance throughout service. I believe that he didn't receive assistance immediately upon falling. But that would be something that I probably need to double-check the record. But I believe that the allegation was that he did not seek assistance initially upon falling, but that if there were any other records that were contained in those medical records that were destroyed, we wouldn't have any evidence that he, for instance, later on, sought any kind of assistance in conjunction with his back claim. Well, the VA, the veterans have, the government has basically rendered their interpretation of VCAA to say that it doesn't imply a duty to assist in these reopened cases, except after August 29, 2001, when they have allowed it to. Why don't we have to give them deference for that? I mean, how is that determination on their part so unreasonable? Well, and again, I think this is that heightened duty to assist problem. And when I talk about this being a very specific case, what we're talking about here is a situation in which, in order to be reopened, the veteran has to be able to prove in-service occurrence. And when the veterans, and normally that would be done through, for instance, his service medical records. But in situations where the VA had those in his possession and those were destroyed, then the VA has a heightened duty to assist the veteran in obtaining other information that might otherwise help improve that in-service occurrence because those medical records which were in their possession were destroyed. And in the situation here where I think under the subsection A3 of 5103A, which allows the secretary to essentially opt out of providing a duty to assist prior to the actual reopening, that has to be read in context with A1, which requires that they make reasonable efforts to assist the veteran in their claim. And essentially, I think the assumption is that that reasonable effort, when you're talking about a reopening claim, that making a reasonable effort does not necessarily require, and I think that's why they were allowed to opt out of it, and that's permissive language in A3 that says that the secretary may opt out of it, that it's not necessarily reasonable for them to have to provide that duty to assist. But our argument is essentially that in certain circumstances, namely when that duty to assist has been heightened because of those missing medical records, that they're essentially what constitutes reasonable effort to assist the veteran in his claim under the A1 would then necessarily include a duty to assist under those circumstances. I'm sorry. In Paralyzed Veterans at 1352, if you have the decision there, we said here as the VA explained in the rulemaking process and again in this litigation, VCAA does not require VA to provide assistance to claimants attempting to reopen previously disallowed claims. So that seems to be a rejection of your position that the statute requires them to provide assistance to reopen claims. Well, and Your Honor, respectfully, I think that what we're trying to do here is to differentiate the situation that we're looking at, and that is that I think that that statement in Paralyzed Veterans was based upon a reading of subsection A3, which allows the VA to opt out of providing that assistance in reopening claims. And if you read that in and of itself, then that does appear to be true, but you have to read that in the context of the whole. That's an argument that we were wrong in Paralyzed Veterans. We can't. I mean, the court may have been wrong, but how can this panel do anything about it? Well, I think that you can differentiate this case because of the heightened duty to assist that's involved here. I mean, I think that's really where this crux comes from. It's the combination of that heightened duty to assist when those medical records are missing and the fact that the veteran needs assistance to turn around and find other records that are within the possession of the government that would otherwise substantiate the claim that he wouldn't have to otherwise do have those records not been destroyed. That that heightened duty to assist in those kinds of specific circumstances would differentiate the general ruling of this court in Paralyzed Veterans from the current situation. I think that that was not necessarily contemplated in the context of the Paralyzed Veterans case. Just educate me a minute on the veteran's ability to reopen. Could he, for example, file a new reopen petition at any point, and then it would actually fall within the after August 29, 2001 obligation on the part of the VA? That's a good question. I would assume that if he filed another reopening claim, then yes, it would be applicable to him at that point. However, anything that he had previously tried to put forth in any of his other claims before that would not be considered new or material evidence at that point. The problem with filing a new claim later on is that anything that he submitted between his last claim and the claim that he then files in order to get the benefit of that August 29, 2001 decision, any of that evidence would no longer be new material. That puts up another roadblock for his ability to reopen that claim under those circumstances. Our position is essentially that you have to read 5103A in the context of everything involved and in context of the proclaimant system involved in the Veterans Claims System and that heightened duty to assist in those circumstances. That's why when I said that this was a specific type of circumstance, we really are talking about a situation where the reopening claim is dependent upon showing some kind of type of in-service incurrence where those medical records are being missing or inhibiting that. The VA or the federal government general may have records that would otherwise assist the veteran in getting it because otherwise the veteran is put in this catch-22. I think that the VA, when it promulgated 3.159, which does take effect in 2001, acknowledged that there is this catch-22 here where the veteran can't reopen his claim without having those records that are within the possession of the federal government. He can't get those records from the federal government without assistance, but then the VA doesn't have the duty to assist him to get those records. He ends up in this catch-22 where he can't obtain the information that he needs in order to reopen his claim because he doesn't get that duty to assist until after. Excuse me, counsel. To return to the last question posed to you by Judge Moore, I think that the filing of a new claim that would be timely under the regs, a new claim to reopen, the burden to produce new and material evidence only affects your ability to get the creation of new evidence through medical tests. I don't understand that that's what you're seeking. You're seeking the Veterans Administration help in reaching back into the archives of the government to get the duty records from the unit during the wartime period to see if there is some reference there to your client having fallen down the stairs. And I don't understand that the new and material evidence burden would apply with respect to that kind of request under the regs. I think that new material evidence is not just about getting, for instance, a new examination or something like that. It's any new evidence that has not been previously presented in a claim. So, for instance, one of the problems for this particular veteran is many of the statements that have been previously submitted in his other claim to reopening would no longer be considered new material now. I think that that... Okay. Well, I'm relying on, I don't know if you have the reg before you. Go ahead. Okay. Okay. If you look, do you see subsection D, which begins circumstances where VA will refrain? Do you see that? Oh, I'm sorry. You're talking about the... Regulations. Yes. Okay. Do you have that? Sorry. Do you have the regulation? I don't have the regulation in front of me. Fine. That's fine. No, I know what section you're talking about, though. Okay. You're talking about the subsection D, which allows that in the... No, I just wanted to refer you right above subsection D. So it's the small numeral that says paragraph C4, which talks about medical examinations and obtaining medical opinions, applies to a claim to reopen, a finally adjudicated claim, only if new and material evidence is presented or secured. Right. And I believe that the... What we're talking about here is whether or not even before that new material evidence has been presented, if there's room in that regulation, notwithstanding that, to allow under certain circumstances where there's a heightened duty to assist, whether there's room in that regulation or whether there's room in the statute, the BCAA statute, to allow for that duty to assist even though that claim has not been reopened. Okay. Any further questions? Thank you. Thank you. Good morning, Rommers. May it please the Court. As I believe Judge Dyke has correctly pointed out, this case is governed by this Court's prior decision in Paralyzed Veterans of America v. U.S. In that case, this Court expressly concluded that the BCAA imposed no obligation on the VA to assist claimants seeking to reopen claims unless and until new and material evidence has been presented by the claimant. In this case, it was found by the Board of the Veterans Court that Mr. Hughes failed to introduce new material evidence, and that, of course, is not an issue before this Court. And therefore, based on this Court's decision in Paralyzed Veterans of America, there is no merit to Mr. Hughes's argument. Mr. Hughes argues that there should be a different standard applied when records have been lost, but there is nothing in Paralyzed Veterans of America that suggests that. And this Court carefully looked at the legislative history of the BCAA statute, the applicable statute, 38 U.S.C. 5103A, and concluding that the duty to assist did not arise until new and material evidence had been provided. Would you mind construing the regulation for us to follow up on the last question I put to your adversary? Am I right that if this claimant filed a new claim to reopen, that under the reg it would be timely, of course, and he wouldn't be burdened by the responsibility to present new and material evidence so long as he was just hoping to get the VA's assistance in finding his prior unit records, which was what he identifies in his brief as what he is seeking to locate? That's correct, Your Honor. Under the regulations, he would be able to file a new application to reopen. He would then come under the new regulations, which would obligate the VA to assist him in obtaining his records. So that's exactly right, Your Honor. Thank you. I think based actually on the Court's comments that the Court does understand this case, and therefore, unless there are other questions, we will just ask the Court to affirm the decision. Thank you. Thank you. We'll give you two minutes if you need it. If there are no further questions, we'll go ahead and ask. Thank you. All right. Thank you. The case is submitted.